■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE JAMES REID, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Westchester County, dated October 13, 1961, which denied, without a hearing, his application to vacate a judgment of said court, rendered March 14, 1951 on his plea of guilty, convicting him of assault in the second degree, and imposing sentence. Order affirmed. No opinion. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANIBAL MENDES RODRIGUEZ, Appellant.— Appeal by defendant from a judgment of the County Court, Orange County, rendered April 1, 1960 after a jury trial, convicting him of a violation of subdivisions 1 and 2 of section 1751 of the Penal Law relating to narcotic drugs, and imposing sentence. Judgment affirmed. No opinion. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE SPRINKLER, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered April 14, 1961 after a jury trial, convicting him of robbery in the first degree, grand larceny in the second degree and assault in the second degree (two counts), and sentencing him as a second felony offender to serve a term of 15 to 30 years. Judgment reversed on the law and a new trial ordered. The findings of fact implicit in the jury's verdict have not been considered. There is no merit to defendant's claim that the admission into evidence of statements made by his codefendant after the latter's arrest unduly prejudiced his (defendant's) substantial rights or prevented him from having a fair trial. While as to him such evidence was inadmissible, it was admissible and binding upon the declarant. Upon receipt of such evidence, the trial court properly admonished the jury that the codefendant's statement was not admissible against defendant and was binding only upon the maker thereof; and subsequently in its charge to the jury the trial court repeated such admonition (*People* v. *Johnson*, 15 A D 2d 961). However, in our opinion, it was error for the court to proceed with the trial after it had assigned as counsel for defendant the retained attorney for the codefendant, since the codefendant's interests were in direct conflict with the interests of the defendant (*People* v. *Fritz*, 279 App. Div. 1020). This diversity of interest became evident as soon as testimony was introduced showing that in prior statements made by the defendant and codefendant to the arresting officer, each defendant had accused the other of the robbery while exculpating himself. When such testimony was introduced defendant's attorney failed to register any objection; he failed to cross-examine the officer as to the prior statements made by the defendant — statements which exculpated the defendant and incriminated his codefendant; and he (the attorney) failed to move for a separate trial or for a mistrial. Under the circumstances, the failure to accord defendant independent representation was prejudicial to his right to a fair trial; it prevented him from obtaining such a trial. It should also be noted that the District Attorney is in accord with the views here expressed. In his brief he urges that the judgment of conviction be reversed and a new trial ordered on the ground stated. Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.